United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>LEONARD TOM, et al.,<br><br>  Defendants. | Case No. 5:18-cv-01297-EJD<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 16 |

  Plaintiff Scott Johnson ("Plaintiff") initiated the instant action against Defendants Leonard Tom; Pearl Lai Tom; Mai Nguyen Tran; and Does 1-10 (collectively "Defendants") on February 28, 2018 alleging various violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89 ("ADA") and the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.* ("Unruh Act"). Dkt. No. 1. Defendant Mai Nguyen Tran ("Tran") appeared pro se and filed an Answer on May 3, 2018. Dkt. No. 14. Plaintiff now moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Tran's Answer in its entirety. Dkt. No. 16.

  Federal Rule of Civil Procedure 12(f) provides that "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, Plaintiff contends that the Court should strike Tran's Answer because it does not comply with Section II(A) of Document Pro Se 3, which requires a pro se Defendant to

> [o]n a separate page or pages, write a short and plain statement of the answer to the allegations in the complaint. Number the paragraphs. The answer should correspond to each paragraph in the complaint, with paragraph I of the answer corresponding to paragraph 1 of the complaint, etc. For each paragraph in the

complaint, state whether: the defendant admits the allegations in that paragraph; denies the allegations; lacks sufficient knowledge to admit or deny the allegations; or admits certain allegations but denies, or lacks sufficient knowledge to admit or deny, the rest.

Dkt. No. 14 at 2.

Here, Tran submitted a separate page stating the following:

> A proper outside handicap parking area, entry ramp which does not include a platform, and round door knobs are listed.
>
> Leonard and Pearl Tom must decide on these matters. I may not and so, do not have a right to decide what they would do with their property with respect to modification to it.
>
> I do not own any part of the land in question. Leonard and Pearl Tom are presently the owners of the property where I and others rent spaces from her.
>
> I lack the ability to respond to the allegations. I do not have the right to admit or deny the allegations.
>
> Leonard and Pearl Tom should have and will have an only and final say in matters concerning disputing any proposed changes or modifying her property relative to the difficulties found by Mr. Johnson at the outside of her property. I lack sufficient knowledge to admit or deny the allegations.

Dkt. No. 14 at 1.

A court must construe the filings of a pro se litigant liberally and afford him any benefit of the doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). Here, although Tran did not respond to Plaintiff's allegations paragraph-by-paragraph, it appears that he read the allegations and responded to them in substance. For example, he mentions the handicap parking area, the entry ramp, and the door knobs, all of which Plaintiff cites as bases of his claims. *See* Complaint ¶¶ 23-36, 58-65, 70. Tran also responds to Plaintiff's allegations regarding property ownership. *See* Complaint ¶¶ 10-17. Construed liberally, he has satisfied the requirements of Section II(A). Accordingly, the Court will not strike his answer under Rule 12(f). Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 6, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01297-EJD
ORDER DENYING MOTION TO STRIKE

2