UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br>    Plaintiff,<br>v.<br>LEONARD TOM, et al.,<br>    Defendants. | Case No. 5:18-cv-01297-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Re: Dkt. No. 29 |

Defendants Leonard and Pearl Lai Tom move to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("Mot."), Dkt. 29. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the motion is **GRANTED.**

I.     **BACKGROUND**

Plaintiff Scott Johnson is a level C-5 quadriplegic. Complaint for Damages and Injunctive Relief ("Compl.") ¶ 1, Dkt. 1. He cannot walk, has significant manual dexterity impairments, uses a wheelchair, and has a specially equipped van. *Id.*

Plaintiff went to the Forever Young Salon ("Salon") seven times between April 2017 and January 2018. *Id.* ¶¶ 22, 41–47. Plaintiff alleges that although there were reserved parking spots for salon patrons, there were "no compliant, accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility

---

[1] This Court does not address the request for judicial notice as the documents sought to be notice relate to Defendants' standing argument, an argument which this Court does not reach.

Case No.: 5:18-cv-01297-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
1

Guidelines (ADAAG)" during Plaintiff's visits. *Id.* ¶ 25. Plaintiff initiated this action on February 28, 2018, asserting violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and California's Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("Unruh Act").

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file a Rule 12(b)(1) motion. Fed. R. Civ. P. 12(b)(1). A defendant may either challenge jurisdiction "facially" by arguing the complaint "on its face" lacks jurisdiction or "factually" by presenting extrinsic evidence (affidavits, etc.) demonstrating the lack of jurisdiction on the facts of the case. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack, the district court may review evidence beyond the complaint without converting the motion to dismiss into one for summary judgment. *Safe Air*, 373 F.3d at 1039. No presumptive truthfulness attaches to the plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating the merits of jurisdictional claims. *Gregory Vill. Partners, L.P. v. Chevron, U.S.A., Inc.*, 805 F. Supp. 2d 888, 895 (N.D. Cal. 2011). Further, once the defendant presents extrinsic evidence, the plaintiff, must establish jurisdiction with evidence from other sources. *Id.*; *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### B. Mootness

Mootness is raised under Rule 12(b)(1). *Id.* Federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). The inability to review moot cases derives from Article III's requirement that a "case or controversy" exist between the parties. *DeFunis*, 416 U.S. at 316. A case is moot "if subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968). A defendant's

Case No.: 5:18-cv-01297-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

voluntary cessation of allegedly wrongful conduct is unlikely to moot a case. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). A defendant claiming its voluntary compliance moots a case bears the formidable burden of showing the wrongful conduct will not recur. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

### III. DISCUSSION

Defendants contend Plaintiff's ADA claim is moot. Mot. at 3. Defendant Pearl Lai Tran's Declaration creates a factual challenge to subject-matter jurisdiction—she states that the Salon is no longer operating, and she has no intention of reletting the space to the Salon. Amended Declaration of Pearl Lai Tom ("Lai Decl.") ¶ 4. Instead, Defendants are in the process of converting the real property into a forty-four-unit residential property and are obtaining permits and approval to begin construction. *Id.* ¶ 5, Ex. A; *cf. Trostenetsky v. Keys Condo. Owners Ass'n*, 2018 WL 2234599, at *2 (N.D. Cal. May 16, 2018) ("Under federal law, apartments and condominiums do not, generally speaking, constitute public accommodations within the meaning of the ADA."). The Salon's permanent closure, and the fact that the building replacing falls outside the ADA, renders the claim moot because there is "no longer a reasonable expectation the [ADA] violation[s] will recur." *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (noting that private plaintiff may only sue for injunctive relief under the ADA); *Johnson v. Lake Tahoe Partners*, 2014 WL 2548830, at *3 (E.D. Cal. June 5, 2014) ("Courts have found ADA cases to be moot when the challenged premises have closed with no plans to reopen or lease to new tenants.").

In rebuttal, Plaintiff argues there is "no evidence" to determine if the Salon has actually ceased operation and that this Court should disregard the "self-serving" Declaration. Opposition to Motion to Dismiss ("Opp.") at 3, Dkt. 33. This, however, is not the standard for a factual Rule 12(b)(1) challenge. The Court may consider properly presented extrinsic evidence, *i.e.*, declarations. *See Safe Air*, 373 F.3d at 1039. Moreover, Plaintiff provides *no* basis for this Court to disregard the declarations; he does not allege any facts to support the inference that Defendants have perjured themselves. Instead, as Exhibit A shows, Defendants are actively seeking to build

Case No.: 5:18-cv-01297-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

on their property, thus mooting Plaintiff's claim, a showing which Plaintiff does not actually contest. *See Gregory Vill. Partners*, 805 F. Supp. 2d at 895 ("[T]he plaintiff, who bears the burden of proof that jurisdiction does in fact exist, must establish jurisdiction with evidence from other sources.").

Finally, Plaintiff again tries to argue to this Court that the motion to dismiss is barred by the stay under General Order 56, which imposes a stay on "[a]ll other discovery and proceedings." As this Court concluded in *Johnson v. 1082 El Camino Real, L.P.*, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018), General Order 56 does not impose a stay on the filing of responsive pleading.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's ADA claim is dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining Unruh Act Claim and dismisses this state law claim without prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 30, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01297-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4